UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARVIN DENT,

                Plaintiff,        **MEMORANDUM AND ORDER**

   - v -

                            CV-08-1533 (RJD)(VVP)

UNITED STATES TENNIS ASSOCIATION,
INC., et al.,

                Defendants.
------------------------------------------------------------x

The plaintiff has moved to compel the reappearance of the defendant Daniel Zausner for further deposition testimony concerning two areas of inquiry in which the defendant's testimony was limited by his counsel's instructions not to answer questions. The two subjects concerned the defendant's compensation and net worth and hypothetical questions concerning the effect that a conviction for a crime might have on hiring decisions made by the defendant. The plaintiff also seeks attorneys' fees and costs related to the motion.

The objections to both lines of questioning raised by the defendant's counsel rest primarily on lack of relevance, although privacy concerns also inform the objection to the financial questions posed. Typically, relevance concerns are not a basis for limiting questioning at a deposition, but the rules of procedure permit instructions not to answer questions if a ruling is sought from the court to limit the questioning. *See* Fed. R. Civ. P. 30(c)(2). The parties attempted to obtain such rulings from the court during the deposition, but were unable to do so because of my unavailability. The court thus evaluates this motion under the standards set forth in Rule 30(d)(3), which permits deposition testimony to be terminated or limited if "it is being conducted in bad faith or

in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

The questions concerning the deponent's compensation and net worth concern private matters that ordinarily enjoy a measure of protection in litigation, including some demonstration of relevance before disclosure is required. Questions about these matters tend to be annoying and embarrassing, and in the absence of relevance, may be unreasonably so. The reasons offered by the plaintiff for asking the questions are flimsy and unsupported by any authority concerning their relevance. The amount of the deponent's compensation has nothing to do with the plaintiff's damages in this case, and the suggestion that the amount of his compensation would tend demonstrate the defendant's bias strikes the court as frivolous. To be sure, the defendant's own potential liability for a judgment here provides a strong basis for bias; how much he earns from the USTA does not. Net worth is only relevant if there is a finding that punitive damages should be awarded. As a result, courts typically do not permit discovery concerning net worth until the jury has made such a finding. Ability to satisfy a judgment only becomes relevant after a judgment is entered, and therefore does not provide any basis for discovery pre-judgment. As I would not have required the deponent to answer these questions had the issue been presented to me during the deposition, no order that the defendant reappear to answer them now is appropriate.

Testimony concerning the effect of a conviction on the deponent's hiring decisions do not present the same privacy concerns. Moreover, they have some direct

relevance to the case since the person who was hired instead of the plaintiff here apparently disclosed a conviction for some sort of offense that had occurred many years earlier. The defendant's counsel did not object entirely to the line of questioning, but rather interceded when the plaintiff's counsel began asking hypothetical questions about hypothetical convictions on the grounds that the questions asked for speculation and expert opinion. Although those objections might suffice to prevent any such testimony from being admitted at trial, they are not an appropriate ground for curtailing deposition testimony.

Accordingly, the plaintiff's motion is granted in part and denied in part. The defendant Zausner must appear for further deposition testimony concerning the effect, if any, of criminal convictions on his hiring decisions. Since the deposition of Zausner consumed all but eight minutes of the seven hours normally permitted for depositions, the resumption of the deposition is limited to fifteen minutes of testimony, consisting of the eight unused minutes plus an additional seven minutes given that there was considerable colloquy between counsel concerning the conviction testimony that expended time. All parties are to bear their own costs for the renewed deposition, except that the defendant shall pay one-half of the reporter's appearance fee. Attorneys' fees and costs are denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
March 30, 2010